|   |   |
|---|---|
| DAMODAR CHANDRA-DAS<br><br>         Plaintiff,<br><br>    v.<br><br>JOHN DOE NO. 1, *et al.*,<br><br>         Defendants. | Case No.: 1:23-cv-00234-KES-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITH PREJUDICE AS BARRED BY THE STATUTE OF LIMITATIONS AND FOR FAILURE TO STATE A CLAIM, AND TO DENY AS MOOT PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF AND FOR A FINDING OF CONTEMPT OF COURT<br><br>Docs. 17, 19, 21 |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Damodar Chandra-Das is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983, alleging violations of the United States Constitution, the Americans with Disabilities Act (the "ADA"), and various provisions of California state law. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff initiated this action by filing a complaint in the Central District of California on January 19, 2023. Doc. 1. On February 7, 2023, he filed a first amended complaint ("FAC"). Doc. 4. Following the transfer of the case to this district, the assigned magistrate judge issued a screening order screening the FAC and finding that it failed to state a claim. Doc. 14 ("First

1  Screening Order"). Plaintiff filed a second amended complaint ("SAC") on March 22, 2024.
2  Doc. 18. Plaintiff also filed a motion for preliminary injunction on March 22, 2024, and a motion
3  seeking a finding of contempt of court on April 12, 2024. Docs. 17, 19.

4  On October 22, 2024, the assigned magistrate judge issued findings and
5  recommendations, recommending that this action be dismissed with prejudice as barred by the
6  statute of limitations and for failure to state a claim upon which relief may be granted. Doc. 21
7  ("F&R"). The findings and recommendations were served on plaintiff and notified him that any
8  objections were due within 30 days. *Id.* at 17. Plaintiff has not filed objections, and the time to
9  do so has now passed.

10  Consistent with 28 U.S.C. § 636(b)(1), this Court conducted a de novo review of this
11  matter. Having carefully reviewed the file, the Court finds that the conclusions of the findings
12  and recommendations that the claims plaintiff brings pursuant to section 1983 are time barred,
13  and that plaintiff has failed to state a claim upon which relief can be granted for any other claim,
14  are supported by the record. Given plaintiff has failed to state a federal cause of action, the Court
15  further finds that any residual state law claims should be dismissed for lack of supplemental
16  jurisdiction.

17  Specifically, the findings and recommendations correctly found that plaintiff's claims
18  against Macias and Sherman pursuant to section 1983—that is, retaliation in violation of the First
19  Amendment, deliberate indifference to serious medical need in violation of the Eighth
20  Amendment, and illegal transfer to another prison in violation of the due process clause of the
21  Fourteenth Amendment—are barred by the statute of limitations based on the date that each claim
22  accrued.[1] F&R 11-12 & n.8.

---

[1] It appears that any related state law negligence claim against Macias, F&R 11-12, or state law claim related to "infringement of workers['] comp[ensation]," would also be barred by the statute of limitations, even with equitable tolling, *see* First Screening Order 13-14 (discussing potential equitable tolling for plaintiff's grievance that Macias did not timely fill out his worker's compensation forms). However, the Court need not reach such findings as to plaintiff's state law claims. As only claims arising under the United States Constitution or under federal law can be brought under section 1983, see 42 U.S.C. § 1983, plaintiff would first need to successfully assert a claim under federal law for this Court to exercise supplemental jurisdiction over a state law claim arising out of the same event or series of events.

The magistrate judge also correctly found that plaintiff failed to sufficiently plead supervisory liability as to any claim, and failed to sufficiently state a claim upon which relief can be granted for deliberate indifference to serious medical needs under the Eighth Amendment, equal protection under the Fourteenth Amendment, deprivation of property without just compensation under the Fifth Amendment, or an ADA claim.

Accordingly,

1. The findings and recommendations issued on October 22, 2024, Doc. 21, are ADOPTED IN FULL;
2. This action is DISMISSED, with prejudice, as time barred and for failure to state a claim;
3. All pending motions and deadlines, including plaintiff's motions for injunctive relief and for a finding of contempt of court (Docs. 17, 19) are terminated as moot; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  March 24, 2025

UNITED STATES DISTRICT JUDGE